UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL L. CULVERSON,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL BUDGE, *et al.*,<br><br>    Respondents. | 3:03-cv-00495-LRH-RAM<br><br>**ORDER** |

On October 6, 2006, the Court entered an Order (docket #22) denying the habeas corpus petition in this case. Judgment in favor of respondents was entered the same day (docket #23).

Petitioner, a Nevada prisoner proceeding *pro se*, filed a Notice of Appeal (docket #25). Petitioner also filed an Application for Certificate of Appealability (docket #26). Respondents filed an opposition to the request for a certificate of appealability (docket #28).

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.

> We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In that case, the Court stated:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

Petitioner requests a certificate of appealability with respect to two of the claims in his petition: Grounds 3 and 6. As to both Ground 3 and Ground 6, the Court finds that petitioner has not shown that reasonable jurists would find debatable the Court's denial of habeas corpus relief. The Court ruled that both claims primarily raised issues of state law not cognizable in this Court. To the extent that Grounds 3 and 6 could be construed as raising issues of federal law, the Court found that the state court rulings were not unreasonable applications of federal law. Petitioner has not articulated any colorable argument that the Court's rulings on Grounds 3 and 6 might be subject to reasonable debate. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of Appealability (docket #26) is **DENIED**. The Court declines to issue a Certificate of Appealability.

**IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.

Dated this 26th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2